ERVIN, Judge.
We affirm without comment appellant’s convictions for armed robbery and aggravated assault, but reverse his sentence as a habitual offender and remand for resen-tencing. At the sentencing hearing, based upon evidence produced by the state, the court designated Wilson a habitual violent felony offender and, finding that it had no discretion over the length of the sentence, imposed a sentence of life imprisonment with a 15-year mandatory minimum term for the armed robbery offense, concurrent with a ten-year sentence for the aggravated assault offense. In Burdick v. State, 594 So.2d 267 (Fla.1992), the supreme court held that habitual offender sentencing under Section 775.084(4)(b)(1), Florida Statutes (1989), is permissive rather than mandatory; thus the trial court has the discretion to impose any sentence up to life imprisonment for a first-degree felony.
Accordingly, we AFFIRM appellant’s conviction, REVERSE his life sentence under section 775.084(4)(b)(l), and REMAND for resentencing. We note that in exercising its discretion on remand, the trial court may impose the same sentence which it initially imposed.
BOOTH and ZEHMER, JJ., concur.